**RITA HASSELL, Plaintiff**

**v.**

**PATRICIA ROBERTS HARRIS, SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant**

Civil No. 80-40

District Court of the Virgin Islands

Div. of St. Croix

April 1, 1981

EUGENE C. WONG, ESQ., Legal Services of the Virgin Islands, Christiansted, St. Croix, V.I., *for plaintiff*

JAMES A. HURD, JR., ESQ., Office of the United States Attorney, Christiansted, St. Croix, V.I., *for defendant*

KNOX, *Judge*

## OPINION AND ORDER

This action is before the Court under section 4205(g) of the Social Security Act (the "Act"), 42 U.S.C.A. § 405(g) to review a final determination of the Secretary of Health and Human Services (the "Secretary") denying plaintiff's application for Social Security disability benefits.

Pursuant to an order of this Court dated February 18, 1981, a hearing on this matter was held on that date before the United States Magistrate. The recommendation of the Magistrate was that this case be remanded to the Secretary for additional findings, specifically as to if and when petitioner was insured for disability pur-

poses. This Court affirms the recommendation of the Magistrate for remand of the case, with further recommendations of its own noted below.

On September 13, 1972, petitioner Rita Hassell filed an application for disability insurance benefits. This application was denied on March 19, 1975, by the Administrative Law Judge because petitioner was found to have only thirteen quarters of work coverage. Generally, 20 quarters of coverage in the last 40 calendar quarters is required for an individual to meet the special earnings requirement of the Act.

Petitioner requested a reopening of that decision; a hearing was held on May 13, 1977, and in a decision dated May 24, 1978 (the first decision) the Administrative Law Judge found that petitioner met the special earnings requirements of the Act from December 31, 1973, until at least December 31, 1977, and that petitioner suffered a disability commencing May 13, 1977, and was entitled to disability benefits from that date.

On November 8, 1978, the Appeals Council remanded the case to the Administrative Law Judge, finding that on the record of earnings before the Administrative Law Judge, petitioner was last fully insured on December 31, 1973. The Council stated elliptically:

> While the claimant had 20 quarters of coverage during the 40-quarter period ending with the quarter in which her period of disability was established, she had a total of only 22 quarters of coverage and was, therefore, last fully insured on December 31, 1973. (Tr. 38.)

The logical steps left out in this statement are:

(1) an individual must be "fully insured" at the time of disability to be eligible for disability insurance benefits.

(2) To be fully insured, an individual in petitioner's situation must both:

(a) have 20 quarters of coverage during the 40 quarter period ending with the quarter in which her period of disability was established, and

(b) have one quarter of coverage for each calendar year elapsing after 1950 up to the point of disability.

These steps are determined from reading together 42 U.S.C.A. § 423(c)(1) and 42 U.S.C.A. § 414(a). Petitioner Hassell had met the requirement of twenty quarters of coverage, but under the "post-1950" test petitioner was covered only for a disability occurring

before December 31, 1973. The Administrative Law Judge had determined the date of disability to be May 13, 1977. This date may be somewhat arbitrary, as it is the date of the hearing upon which the finding of disability was made.

The remand order of the Appeals Council stated that new evidence submitted by the petitioner indicated that she had worked since 1977, and that perhaps she had acquired additional quarters of coverage which would enable her to meet the "post-1950" test. The Council wrote:

> Further investigation as to the nature and extent of the claimant's work activity beginning in 1977, the amount of her earnings, and whether her work activity represents substantial gainful activity is necessary. (Tr. 38.)

On remand, then, two intertwined issues as to the petitioner's work activity after 1977 were before the Administrative Law Judge. First, the question of whether additional quarters of coverage had accrued was to be determined. Second, the issue arises whether the work necessary for the acquiring of such additional quarters constituted "substantial gainful activity" such that petitioner's disability determination of May 13, 1977, is thrown into question. This represents a form of "Catch-22" for petitioner, to be sure: she must work to get coverage, but she is not disabled if she can work.

It should also be noted that if on remand the Administrative Law Judge had found that Mrs. Hassell's disability extended back to 1973, no finding on additonal work quarters would be necessary.

■ The second hearing before the Administrative Law Judge was held on January 27, 1979, and a decision was entered on August 27, 1979 (the second decision). In that decision the Administrative Law Judge found that petitioner had engaged in substantial gainful activity in the driver and receptionist jobs she had performed since 1977, and thus was under no disability at any time. This reversed his first finding of a disability on May 13, 1977. The crucial words of the second decision are:

> Section 404.1534(a)(2) establishes that during calendar year 1978 a monthly earnings of less than $180.00 per month will ordinarily show that a person has not done substantial activity. Definitely, claimant has exceeded such amount and we must consider the circumstances surrounding the work activity. Claimant had a regular 20-hour-a-week job with a Virgin Islands government agency, both as driver or as receptionist.

> Such work is not considered made work or shelter work; therefore must (sic) be classified as a substantial gainful activity. (Tr. 30.)

The difficulty with this passage is the statement that work which is not made work *must* be classified as substantial gainful activity. The evidence reveals that Mrs. Hassell averaged about $200.00 per month in earnings for 1978. This amount is lower than the earnings guidelines under 20 C.F.R. § 404.1534(b)(1) (iv) ($260/month) which ordinarily shows that a person is engaged in substantial gainful activity; and higher than the earnings guideline under 20 C.F.R. § 404.1534(b)(2)(iv) ($170/month) which ordinarily shows that a person is not engaged in substantial gainful activity. Thus, 20 C.F.R. § 404.1534(b)(3) comes into play. This paragraph states that the Secretary *will* consider other information in addition to earnings, looking at the circumstances surrounding the work activity together with the medical evidence of the impairment or impairment and other factors.

In the second decision, the Administrative Law Judge did not consider medical evidence in his determination that Mrs. Hassell was not suffering a disability. This is an important omission in that the same judge had previously found a disability. While the new evidence concerning work in 1977 and 1978 could rightfully be considered in deciding whether a disability was present, the Administrative Law Judge's evident disregard for any medical evidence in this second decision was improper.

Thus, the Court agrees with the recommendation of the Magistrate that the time period when Mrs. Hassell was insured be determined, and also orders the Secretary on remand to take into account petitioner's medical evidence in determining the question of disability.

On remand, there are several issues that should be dealt with. First, petitioner claimed at the first hearing that she had been disabled since December 31, 1973 (Tr. 50). This date is the last date the Appeals Council found petitioner to be fully insured. In light of the possible arbitrariness of the May 13, 1977, date chosen as the disability date in the first decision, it should be determined whether on or before December 31, 1973, there was a disability.

Second, though none of the decisions make this clear, it appears that the obstacle to Mrs. Hassell's disability coverage is the "post-1950" rule. That rule is determined by the combination of 42

414

U.S.C.A. § 423 and 42 U.S.C.A. § 414. The relevant part of § 423, 42 U.S.C.A. § 423(c)(1)(A), states:

> (c) For purposes of this section—
>    (1) An individual shall be insured for disability benefits in any month if—
>       (A) he would have been a fully insured individual (as defined in section 414 of this title) had he attained age 62 and filed application for benefits under section 402(a) of this title on the first day of such month . . . .

42 U.S.C.A. § 414(a)(1), the relevant section of that statute reads:

> (a) The term "fully insured individual" means any individual who had not less than—
>    (1) one quarter of coverage (whenever acquired) for each calendar year elapsing after 1950 (or, if later, the year in which he attained age 21) and before the year in which he died or (if earlier) the year in which he attained age 62, except that in no case shall an individual be a fully insured individual unless he has at least 6 quarters of coverage . . . .

The 22 quarters of coverage of Mrs. Hassell did not extend to May 13, 1977, her date of disability in the first decision, under § 414(a)(1). Quarters of coverage gained after May 13, 1977, would not be applicable to that date under § 423(c)(1)(A). Thus, it is not clear what effect petitioner believes that her work in 1977 and 1978 should have on her insured status for disability purposes.

Finally, the Court will respond in turn to the arguments in petitioner's memorandum of law. Petitioner complains that the Administrative Law Judge erred in finding her work activity prior to 1977 substantial gainful activity, on the basis that in the first decision the Judge made the opposite finding. Nowhere in the first decision does this Court discover such a finding, and such a finding could not be relevant to that decision, since work prior to 1973 would not affect a 1977 disability as to proof of disability.

█ Petitioner claims that the reference of the Administrative Law Judge to 20 C.F.R. § 404.1503(b), which was made effective in November 1978, was improper in regard to work activity engaged in before the regulation became effective, as an "ex post facto" law. However, the prohibition in Article I, section 9 of the U.S. Constitution against ex post facto laws relates only to criminal penalties or civil disabilities which are really criminal penalties in disguise. United States v. An Article of Food Consisting of Cartons of Sword-

fish, 395 F.Supp. 1184 (D.C.N.Y. 1975). The retroactive application of this regulation relating to entitlements rather than punishments was thus proper.

■ However, petitioner's complaint concerning the lack of consideration of medical evidence in the second decision is well taken. Insofar as the second decision assumes that the work performed in 1977 was by definition substantial gainful activity because it was not made work or shelter work, this is an erroneous reading of the regulations, specifically 20 C.F.R. § 404.1534(b)(3). Under that paragraph, 20 C.F.R. §§ 404.1502, 404.1532, and 404.1533 are to be consulted in determining whether a person has done substantial gainful activity.

## ORDER

For the reasons stated in the memorandum of even date,

It is hereby ORDERED

That this case be, and the same hereby is, remanded to the Secretary of Health and Human Services for proceedings not inconsistent with this opinion.